UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRUCE A. MORRIS, *et al.*, | Case No. 2:24-cv-00362-MMD-EJY |
| Plaintiffs, | ORDER |
| v. | |
| THE GENERAL COUNCIL OF THE ASSEMBLIES OF GOD, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiffs Bruce A. Morris, City Community Church Inc. f/k/a Calvary Community Assembly of God, Inc., Tom Luker, and Reynaldo Montenegro filed a putative class action on behalf of themselves and all those similarly situated against Defendants the General Council of The Assemblies of God, Assemblies of God, Northern California and Nevada District Council, Inc., David L. Childers, Bret L. Allen, and Jay A. Hernon, alleging several claims arising out of the foreclosure and bankruptcy of a church and associated day care center and school in Las Vegas, Nevada. (ECF No. 1-1.) Before the Court is Defendants' joint motion for judgment on the pleadings. (ECF No. 23 ("Motion").)[1] Because the Court finds this case barred by the collateral attack doctrine—and as further explained below—the Court will grant the Motion.

**II.   BACKGROUND**

In 2017, Calvary Community Assembly of God, Inc. ("Calvary Community") filed a voluntary Chapter 11 bankruptcy petition. *See In Re Calvary Community Assembly of God, Inc.*, Case No. 17-13475-mkn, ECF No. 1 (Bankr. D. Nev. Filed Jun. 28, 2017.) Plaintiff Morris, the church's pastor, signed the petition on Calvary Community's behalf.

---

[1]Plaintiffs responded (ECF No. 24) and Defendants replied (ECF No. 29).

*See id.* at 17. The lender that had given Calvary Community a loan on the property at 2900 N. Torrey Pines Drive in Las Vegas containing the church, daycare center, and school (the "Property") filed a proof of claim. *See id.*, ECF Nos. 74 at 9, 75 at 4; *see also* ECF No. 1-1 at 11.

The Bankruptcy Court appointed a trustee for the estate on that lender's motion. *See In Re Calvary Community Assembly of God, Inc.*, Case No. 17-13475-mkn, ECF Nos. 94, 106. The Trustee decided to close the school and daycare center after discovering Calvary Community was in a financial crisis. *See id.*, ECF No. 147. The Trustee later moved for an order authorizing the sale of the Property for $7.75 million. *See id.*, ECF No. 274. No objections were filed, and the Bankruptcy Court approved the sale. *See id.*, ECF No. 305.

The Trustee filed a Chapter 11 reorganization plan and proposed disclosure statement in April 2019. *See id.*, ECF Nos. 371, 372. After holding a hearing on them, the Bankruptcy Court approved both. *See id.*, ECF Nos. 375, 376, 386. In October 2019, the Bankruptcy Court entered a final decree and closed the bankruptcy case with prejudice. *See id.*, ECF No. 432.

Plaintiffs filed this case in state court in November 2023. (ECF No. 1-1 at 2.) The gist of the Complaint is that the bankruptcy trustee behaved improperly when she closed the school and daycare center, seized the Property, and sold it in consultation with board members that allegedly did not represent Plaintiffs' interests, in addition to firing Plaintiff Morris, after Cavalry Community filed for Chapter 11 bankruptcy because it was facing foreclosure on the Property. (*Id.* at 15-23.) Based on these allegations, Plaintiffs bring 13 causes of action. (*Id.* at 26-43.)

Defendants removed the action to this Court. (ECF No. 1.) Defendants filed the Motion (ECF No. 23) and stipulated with Plaintiffs to stay discovery pending the resolution of the Motion shortly thereafter (ECF Nos. 27, 28).

///

///

2

## III. DISCUSSION

Defendants raise several alternative arguments in their Motion, but the Court finds their collateral attack argument dispositive and accordingly does not address the others. However, the Court first explains its decision to take judicial notice of filings in Cavalry Community's bankruptcy case (some of which the Court described in the factual background above), and later explains its decision not to grant Plaintiffs leave to amend because amendment would be futile.

### A.  Judicial Notice

Defendants ask the Court to take judicial notice of several sets of documents in ruling on their Motion. (ECF No. 23 at 6-8.) Pertinent to their collateral attack argument, they ask the Court to take judicial notice of the existence of filings in Cavalry Community's bankruptcy case. (*Id.*) Plaintiffs counter that the fact Defendants ask the Court to take judicial notice of these documents "indicates that more arguments regarding the facts of the case need to be developed and explored" and thus argue the Court should deny the Motion. (ECF No. 24 at 6.) The Court agrees with Defendants.

"Because a Rule 12(c) motion is 'functionally identical' to a Rule 12(b)(6) motion, 'the same standard of review' applies to motions brought under either rule.'" *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (citation omitted). "A judgment on the pleadings is properly granted when, 'taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Id.* (citation omitted). But "[w]hen considering a motion for judgment on the pleadings, [a] court may consider facts that 'are contained in materials of which the court may take judicial notice.'" *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (citation omitted). And the Court "'may take notice of proceedings in other courts ... if those proceedings have a direct relation to matters at issue.'" *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1069 n.3 (9th Cir. 2021) (citation omitted) (taking judicial notice of a related copyright case); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,

971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of a final judgment of the California Superior Court and related filings after stating the same rule).

The Cavalry Community bankruptcy case has a direct relation to the matters at issue in this case. Plaintiffs' argument that taking judicial notice of orders filed in it is improper is accordingly unpersuasive. (ECF No. 24 at 6.) The Bankruptcy Court authorized the sale of the Property, approved the trustee's decision to fire Plaintiff Morris, set a claim-bar date, confirmed the Chapter 11 plan, and entered a final decree closing the bankruptcy case with prejudice. *See supra* Section II. And as noted, the gist of the Complaint is that the bankruptcy trustee behaved improperly when she closed the school and daycare center, seized the Property, and sold it in consultation with board members that allegedly did not represent Plaintiffs' interests, in addition to firing Plaintiff Morris, after Cavalry Community filed for Chapter 11 bankruptcy because it was facing foreclosure on the Property. (ECF No. 1-1 at 15-23.) The bankruptcy filings reflecting these allegations are thus directly related to the matters at issue in this case. The Court accordingly takes judicial notice of the filings and orders in the bankruptcy case pertinent to Defendants' collateral attack argument and which are the subject of their request for judicial notice. *See In Re Calvary Community Assembly of God, Inc.*, Case No. 17-13475-mkn, ECF Nos. 1, 74, 75, 94, 106, 274, 305, 310, 329, 371, 372, 375, 376, 386, 377, 386, 432 (Bankr. D. Nev.). *See also, e.g.*, *Glassey v. Amano Corp.*, No. C-05-01604RMW, 2006 WL 889519, at *1 (N.D. Cal. Mar. 31, 2006), *aff'd*, 285 F. App'x 426 (9th Cir. 2008) (taking judicial notice of prior proceedings between the parties "before the bankruptcy court and the California Superior Court" because they directly related to the claims in that case). The Court further notes that it is not taking judicial notice of any disputed facts within these filings in the bankruptcy case, as doing so would be improper. It is instead sufficient to take judicial notice of the fact that they were entered on the Bankruptcy Court's docket to resolve this case in Defendants' favor based on their collateral attack argument.

///

## B. Collateral Attack

Defendants argue that this case is barred under the collateral attack doctrine because Cavalry Community's bankruptcy case resolved all claims as to its estate with no opposition from Plaintiffs. (ECF No. 23 at 8-10.) Plaintiffs offer a single paragraph devoid of any citations in response to this argument, stating that the argument consists of nothing more than unfounded allegations, that they do not seek to reverse the rulings and orders of the Bankruptcy Court, and concluding by calling the 'unfounded accusations' 'questions of fact.' (ECF No. 24 at 6-7.) The Court agrees with Defendants.

A final bankruptcy court "order lifting an automatic stay is binding as to the property or interest in question—the *res*—and its scope is not limited to the particular parties before the court." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 861 (9th Cir. 2008) (citation omitted). This is because "[t]he purpose of bankruptcy courts' 'comprehensive jurisdiction' is to enable them to 'deal efficiently and expeditiously with all matters connected with the bankruptcy estate.'" *Id.* (citation omitted). "If parties do not exercise available avenues for relief through either a timely appeal or a Rule 60(b) motion, they may not pursue de facto challenges to the relevant order or judgment in another proceeding." *In re Shoot the Moon, LLC*, 642 B.R. 21, 24 (Bankr. D. Mont. 2022). This collateral attack doctrine—which applies to bankruptcy court judgments—prevents other courts from effectively overruling or altering final orders via indirect routes, and is grounded in the need for finality. *See id.*; *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (explaining that the respondents could not challenge an order issued by a bankruptcy court in the "federal courts in Texas[;]" they must instead have availed themselves of the normal appeal process from a bankruptcy court decision).

After Plaintiff Morris filed for Chapter 11 bankruptcy on Cavalry Community's behalf, the Bankruptcy Court appointed a trustee who, after learning of the church's financial situation, fired Morris and all the other staff, shut down the school and daycare center, and sold the Property. *See In Re Calvary Community Assembly of God, Inc.*, Case No. 17-13475-mkn, ECF Nos. 1, 106, 147, 305. The Bankruptcy Court approved these

1  actions without apparent objection from Plaintiffs and ultimately issued a final order
2  resolving the case with prejudice. *See id.*, ECF Nos. 386, 432. These actions form the
3  factual basis for Plaintiffs' core allegations in their Complaint. (ECF No. 1-1 at 15-23.) And
4  indeed, Plaintiffs confirm in response to the Motion that their Complaint focuses on their
5  allegations that, "Defendants filed an improper Annual List of Officers to the Nevada
6  Secretary of State which resulted in the losses for the Plaintiff which resulted in the
7  Plaintiffs inability to satisfy their Chapter 11 reorganization obligations to get back on track
8  financially and restore their status as an Assemblies of God ministry and to reclaim their
9  assets." (ECF No. 24 at 7.) Thus, Plaintiffs both allege and confirm they are challenging
10 the decisions the Bankruptcy Court made in this case, as reflected in the Bankruptcy
11 Court's orders. They had an avenue for doing that: "either a timely appeal or a Rule 60(b)
12 motion[]." *In re Shoot the Moon, LLC*, 642 B.R. at 24. But Plaintiff "chose not to pursue
13 [that] course of action, but instead to collaterally attack the Bankruptcy Court" by filing this
14 case. *Celotex Corp.*, 514 U.S. at 313. Plaintiffs may not do this. *See In re Shoot the Moon,*
15 *LLC*, 642 B.R. at 24-27. This case is barred under the collateral attack doctrine. *See id.*;
16 *see also Reusser*, 525 F.3d at 861-62 (affirming dismissal of case collaterally attacking
17 bankruptcy proceedings as barred under the collateral attack doctrine). The Court
18 accordingly grants Defendants' Motion.

### C.   Amendment

20 Plaintiffs request leave to amend, in the alternative and in a conclusory manner, at
21 the end of their response to the Motion. (ECF No. 24 at 10.) Defendants point out in reply
22 that Plaintiffs' request does not comply with LR 15-1(a) because they did not attach an
23 amended pleading and should be rejected because Plaintiffs do not describe any
24 proposed amendments or explain how they would cure the deficiencies of their operative
25 Complaint—and would thus be futile. (ECF No. 29 at 10-11.) The Court agrees with
26 Defendants.
27 "[T]he prohibition on collateral attacks presents an insurmountable obstacle . . .
28 that renders further amendment futile." *In re Shoot the Moon, LLC*, 642 B.R. at 27. In

addition, Plaintiffs do not even attempt to argue how they could amend their Complaint to resist application of the collateral attack doctrine. (ECF No. 24 at 10.) And it is also true that their conclusory request to amend does not comply with LR 15-1(a). The Court denies Plaintiffs' request for leave to amend because amendment would be futile.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendants' joint motion for judgment on the pleadings (ECF No. 23) is granted.

It is further ordered that Plaintiffs' Complaint (ECF No. 1-1) is dismissed, in its entirety, with prejudice.

The Clerk of Court is directed to enter judgment accordingly—in Defendants' favor—and close this case.

DATED THIS 5th Day of December 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE